IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GREGORY KAZANAS, #A1075647,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | Civil No. 24-00396 MWJS-RT<br><br>ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 1, WITH PARTIAL LEAVE TO AMEND |

## ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 1, WITH PARTIAL LEAVE TO AMEND

Before the Court is pro se Plaintiff Gregory Kazanas's Prisoner Civil Rights Complaint filed under 42 U.S.C. § 1983.[1]  ECF No. 1.  In his complaint, Kazanas alleges that the Department of Corrections denied him adequate medical care while he was incarcerated at Halawa Correctional

---

[1] Kazanas is currently incarcerated at Oahu Community Correctional Center (OCCC).  *See* ECF No. 1, at PageID.1; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A1075647"; and select "Search") (last visited Oct.1, 2024).

Facility.[2]  *See* ECF No. 1, at PageID.5.  After screening Kazanas's complaint, as required by 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court DISMISSES the complaint with partial leave to amend.

If Kazanas wants to proceed with this action, he must file an amended pleading that cures the noted deficiencies in his claims on or before November 4, 2024.  Alternatively, Kazanas may inform the Court in writing on or before November 4, 2024, that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

## BACKGROUND

While Kazanas was incarcerated at Halawa Correctional Facility (HCF), medical staff referred him for surgery to treat a heel bone spur, but it was never completed.[3]  ECF No. 1, at PageID.5.  Kazanas was in "constant severe chronic" pain from the bone spur.  *Id.*  But he was "forced

---

[2]    On January 1, 2024, the former Department of Public Safety was renamed the Department of Corrections and Rehabilitation.  *See* 2022 Haw. Sess. Laws Act 278, § 1 at 765-66; Haw. Rev. Stat. § 26-14.6(d) (2024).

[3]    Kazanas's factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014).

to work every day in the in the kitchen suffering" and on "work furlough" where he had to work "every day standing suffering in pain." *Id.*

Kazanas filed this complaint against the Department of Corrections and Rehabilitation (DCR) on September 16, 2024, seeking $9,101,095 in damages. *Id.* at PageID.6. On September 19, 2024, the Court granted Kazanas's Application to Proceed In Forma Pauperis by a Prisoner. ECF No. 3.

## STATUTORY SCREENING

The Court must screen all in forma pauperis prisoner complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6). *See*

*Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a particular defendant for specific misconduct.  *See id.*

In screening a complaint, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).  The Court must grant leave to amend if it appears that the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

//

//

//

//

## DISCUSSION

A.   **Legal Framework for Claims Under 42 U.S.C. § 1983**

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaiʻi*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (brackets in original).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a violation of a right secured by the Constitution or United States laws, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

There are two situations in which a state official might be liable under § 1983.  "First, plaintiffs may seek damages against a state official in [their] personal capacity." *Cornel*, 37 F.4th at 531.  "Second, state officials are 'persons' under § 1983 when sued for prospective injunctive relief." *Id*.  This second situation applies "where a plaintiff alleges an ongoing

violation of federal law, and where the relief sought is prospective rather than retrospective." *Id.* (cleaned up).

**B.    The Eleventh Amendment Bars Kazanas's Claims Against DCR**

Kazanas names DCR as the only defendant in this lawsuit. ECF No. 1, at PageID.1.

"[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").

Any claims against DCR, a state department, are barred by the Eleventh Amendment and therefore DISMISSED with prejudice. *See Neal v. Shimoda*, 131 F.3d 818, 832 n.17 (9th Cir. 1997) (affirming the district court's decision that the State of Hawaiʻi was "entitled to the protections of

6

sovereign immunity under the Eleventh Amendment" in suit by state prisoners challenging Hawaiʻi's Sex Offender Treatment Program); *Blaisdell v. Haw. Dep't of Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) (mem.) ("The district court properly dismissed [the state prisoner plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment."); *Rowan v. Dep't of Pub. Safety O.C.C.C.*, No. 19-CV-00040, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS), a state agency, nor OCCC, a jail, are . . . subject to suit under the Eleventh Amendment.").

Kazanas may amend his pleading, however, to name a proper defendant or defendants. The Eleventh Amendment does not bar Kazanas from seeking "damages against [individual] state officials in their *personal* capacities." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016). Nor does it bar Kazanas from seeking prospective injunctive relief from

//

//

//

individual state officials for ongoing violations of federal law.[4]  *See Cornel*, 37 F.4th at 531.

## C.   Standard for Inadequate Medical Care Under the Eighth Amendment

If Kazanas decides to file an amended pleading, he should consider the following legal standard.

The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments."  U.S. Const. amend. VIII; *see Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021) ("Individuals in custody have a constitutional right to adequate medical treatment . . . [and] that right is part of the Eighth Amendment's guarantee against cruel and unusual punishment.").  Although the Constitution "does not mandate comfortable prisons," it also does not "permit inhumane

---

[4]   Kazanas has not requested injunctive relief.  *See* ECF No. 1, at PageID.6.  If he were to seek injunctive relief against prison officials at HCF, it appears that those claims would be moot because Kazanas is now housed at OCCC.  *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) ("When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim is moot. "); *see also Wages v. Cox*, No. Civil No. 24-00223, 2024 WL 3791186, at *2 (D. Haw. Aug. 13, 2024) (dismissing as moot any injunctive relief based on  medical care against prison officials because plaintiff was no longer housed at the correctional facility where the claims arose).

ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (cleaned up).  Prison officials, therefore, "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and [they] must take reasonable measures to guarantee the safety of the inmates." *Id.* (cleaned up).

To establish a claim of inadequate medical care, a prisoner must show both a "serious medical need" and that an official's response to the need was "deliberately indifferent." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785-86 (9th Cir. 2019) (per curiam) (cleaned up).

A serious medical need is present when, for example, the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Serious medical needs can relate to physical, dental and mental health." *Id.* at 785 (cleaned up).

"To show deliberate indifference, the plaintiff must show that the course of treatment the official chose was medically unacceptable under the circumstances and that the official chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Id.* at 786 (cleaned up).  This is a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.

9

2004). "An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment. In other words, medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Edmo*, 935 F.3d at 786 (cleaned up).

    Here, even assuming a serious medical need, Kazanas has not plausibly alleged that any prison official acted with deliberate indifference to that need. *See Gachett v. McCabe*, No. 1:13-CV-00172, 2013 WL 593713, at \* 3 (E.D. Cal. Feb. 14, 2013) ("Plaintiff's allegation of chronic severe foot pain due to bone spurs . . . , taken as true on screening, is sufficient to claim a serious medical need."). For example, Kazanas does not say when he was referred for surgery, how long he waited for the procedure, and who prevented him from having the operation. Additionally, Kazanas does not allege that he complained to a prison official about the care he was receiving, what he said to them, or how they responded. Without more, Kazanas's medical care claim cannot proceed.

## D. Partial Leave to Amend the Complaint

The complaint is DISMISSED with partial leave to amend. Kazanas must file any amended pleading on or before November 4, 2024. He may not expand his claims beyond those already alleged or add new claims, without explaining how those new claims relate to those he has raised in this complaint. Claims that do not properly relate to those in the complaint are subject to dismissal.

Kazanas must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi. Local Rule 10.4 requires that an amended complaint be complete in itself, without referencing or incorporating any part of a prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. *See* LR 99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Claims not realleged in an amended complaint may be deemed

voluntarily dismissed.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

### E.     Strikes Under 28 U.S.C. § 1915(g)

If Kazanas fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, a subsequent dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "three-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  If, however, Kazanas decides to voluntarily dismiss this action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and does so on or before November 4, 2024, such dismissal will not count as a strike against him.

//

//

## **CONCLUSION**

(1)  The complaint, ECF No. 1, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2)  All of Kazanas's claims against the Department of Corrections are DISMISSED with prejudice.

(3)  Kazanas must file any amended pleading on or before November 4, 2024.

(4)  Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Kazanas may incur a strike under 28 U.S.C. § 1915(g).

(5)  ALTERNATIVELY, Kazanas may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1) on or before November 4, 2024, and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(6)  The Clerk is DIRECTED to send Kazanas a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: October 3, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 24-00396 MWJS-RT; *Gregory Kazanas v. Department of Corrections*; ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 1, WITH PARTIAL LEAVE TO AMEND